# EXHIBIT A

**. SUMMONS - CIVIL**

JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 123 Hoyt Street, Stamford 06905 | ( 203 ) 965-5308 | MAY | 23 | 2 017 |
| | | Month | Day | Year |

| [x] Judicial District | [ ] G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| [ ] Housing Session | Number: | **Stamford** | Major: **M**    Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [ ] Yes  [x] No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: MENDOZA, RAFAEL<br>Address: 495 W. 187TH ST., APT. 6D, NEW YORK, NY 10033 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: SODEXO, INC. --- 9801 WASHINGTONIAN BLVD, GAITHERSBURG, MD, 20878<br>Address: AGENT:  CORPORATE CREATIONS NETWORK INC., 615 WEST JOHNSON AVE., #202, CHESHIRE, CT 06410 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [x] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>Matthew D. Paradisi | Date signed<br>04/17/2017 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
   (b) *Summary process actions.*
   (c) *Applications for change of name.*

   (d) *Probate appeals.*
   (e) *Administrative appeals.*
   (f) *Proceedings pertaining to arbitration.*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

---

### ADA NOTICE
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises* - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| Miscellaneous | M 00 | Injunction | | T 69 | Animals - Other |
| | M 10 | Receivership | | T 70 | False Arrest |
| | M 20 | Mandamus | | T 71 | Fire Damage |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 90 | All other |
| | M 40 | Arbitration | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 50 | Declaratory Judgment | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 63 | Bar Discipline | | V 05 | Motor Vehicles* - Property Damage only |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 68 | Bar Discipline - Inactive Status | | V 09 | Motor Vehicle* - All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 83 | Small Claims Transfer to Regular Docket | | V 30 | Railroads |
| | M 84 | Foreign Protective Order | | V 40 | Snowmobiles |
| | M 90 | All other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Asset Forfeiture | | | |
| | P 90 | All other | | | |

JD-CV-1 Rev. 10-15 (Back/Page 2)

| RETURN DATE:   MAY 23, 2017 | : | SUPERIOR COURT |
| RAFAEL MENDONZA | : | J.D. OF STAMFORD |
| VS. | : | AT STAMFORD |
| SODEXO, INC. | : | APRIL 17, 2017 |

## COMPLAINT

**COUNT ONE:**     **RETALIATION IN VIOLAITON OF CONN. GEN. STAT. §46a-60(a)(4)**

1.     At all times set forth herein, the Plaintiff, ("Plaintiff"), was a resident of the City of Stamford, State of Connecticut.

2.     Plaintiff is of Dominican and Hispanic descent.

3.     At all times set forth herein, the Defendant, Sodexo, Inc. (hereinafter the "Defendant"), is a foreign corporation organized under the laws of the state of Delaware, duly licensed to conduct business in the state of Connecticut.  It has a primary place of business located at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878, and a mailing address of P.O. Box 352, Buffalo, New York 14240.

4.     The Defendant is a food services and facilities management company, and employs 50 or more employees.

5.     Plaintiff was hired by the Defendant in or about May 2014 as a host for its business operations located in Stamford Hospital in the city of Stamford, state of Connecticut.  In that position, Plaintiff prepped trays and meals to be sent to the hospital's patients, cleaned the dish room, and served as a cashier.

6.     Throughout all times during his employment with the Defendant, Zackary Wilson served as Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

7.  Throughout all times during his employment with the Defendant, Janara Washington served as the Defendant's human resources manager for its Stamford Hospital location.

8.  Plaintiff was an exemplary employee for the Defendant, as evidenced by his positive performance reviews and lack of disciplinary history.

9.  In or about February 2015, Plaintiff filed a sexual harassment complaint against one of the Defendant's female employees, agents, servants, and/or representatives, Yasmin Taylor.

10. The sexual harassment to which Ms. Taylor had subjected Plaintiff constituted, *inter alia*, inappropriate flirting, grabbing his crotch area, and stating sexual words and innuendos towards Plaintiff.

11. By way of example, Ms. Taylor asked Plaintiff if he wanted to get a hotel room with her.

12. Upon information and belief, Ms. Taylor babysat for Ms. Washington, the Defendant's human resources manager, and they had a personal friendship outside of work.

13. After filing the sexual harassment claim against Ms. Taylor, Plaintiff began being treated differently at work. Plaintiff, for the first time began to be treated treated negatively, as opposed to having a good reputation prior to filing the sexual harassment complaint.

14. For example, Plaintiff was harassed by certain supervisors, whereupon he filed complaints with the Defendant's corporate office. When Plaintiff filed a complaint

2

to the Defendant's human resources department, Plaintiff was told that Defendant would investigate, but Plaintiff never received any response.

15.     One of the complaints Plaintiff made was against Jackie Carr for harassment. Ms. Carr was another one of Plaintiff's supervisors. In or around March or April 2015, Ms. Carr verbally harassed Plaintiff for allegedly not doing my job when he had already left work, and Plaintiff had explained to her that there was nothing more he could do to stock a refrigerator.

16.     From the period of approximately October 2015 through February 2016, Plaintiff had absences from work due to sickness, and Plaintiff would routinely give the Defendant doctor's and/or medical notes when needing to miss work associated with those sicknesses or appointments.

17.     The Defendant, however, would not accept any of the doctor's and/or medical notes Plaintiff would present to its employees, agents, servants, and/or representatives.

18.     Towards the end of Plaintiff's employment with the Defendant, its human resources department advised Plaintiff to use days under the Family Medical Leave Act (hereinafter referred to as "the FMLA"). The Defendant failed to advise Plaintiff earlier about taking intermittent FMLA time, when he had leave available to him, and his medical condition(s) could have qualified for job-protected medical leave.

19.     On or about April 6, 2016, Plaintiff called out sick from work, and returned the following day, on or about April 7, 2016. Upon returning, Plaintiff worked a double shift when asked, even though he was still feeling ill.

3

20. On or about April 8, 2016, Plaintiff was still feeling very sick and throwing up at work.

21. One of Plaintiff's supervisors, Paul Young, saw Plaintiff looking ill, pulled Plaitniff aside, and told Plaintiff it was best if he left to go home. Mr. Young stated that he secured coverage for Plaintiff for my shift.

22. Before Plaintiff left for home on or about April 8, 2016, a Friday, he reported to the Defendant's human resources department and advised Ms. Washington that he was leaving early due to illness, and that Mr. Young was sending Plaitniff home.

23. Plaintiff returned to work and worked his normal hours on or about Monday, April 11, 2016, and Tuesday, April 12, 2016.

24. On or about April 13, 2016, before Plaintiff started his shift, Plaintiff was asked to report to a meeting with Mr. Wilson and two (2) of his union delegates. During this meeting, the Defendant terminated Plaintiff's employment and stated that he had accumulated too many points for calling out sick.

25. Upon information and belief, two (2) other of the Defendant's employees, agents, servants, and/or representatives were terminated for a similar point accumulation, but then were allowed to return back to work.

26. One of these employees was Terrance Daniels, who had the same amount of points for absences as Plaintiff had. The Defendant allowed him to return back to work in or about April 2014.

27. The other of these employees was Nate Cotto, who was terminated for a similar point accumulation as Plaintiff, but then was rehired back by the Defendant.

4

28.    At the time of Plaintiff's termination, he was the only one of two Hispanic employees left working for the Defendant.

29.    Since Plaintiff's termination, Plaintiff has learned that other employees of the Defendant who had accumulated absence points have been suspended and not terminated. This procedure was not followed with regard to Plaintiff's absences.

30.    The Defendant's proffered reason or reasons for Plaintiff's termination from the Defendant's employ on or about April 13, 2016, were a pretext for retaliation for filing a sexual harassment complaint.

31.    The Defendant's decision to terminate Plaintiff was motivated, at least in part, by Plaintiff having engaged in the protected activity of filing internal complaints of sexual harassment and opposing discriminatory conduct.

32.    As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and employment benefits, has been deprived of gainful employment, has sustained significant emotional distress, and has incurred attorneys' fees and costs in order to secure the rights to which he is entitled.

33.    Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and received a release of jurisdiction letter therefrom on or about April 11, 2017, a copy of which is attached hereto as EXHIBIT A. This complaint is brought within 90 days of receipt of said letter. As such, Plaintiff has exhausted his administrative remedies, and this action is timely.

**COUNT TWO:    RACE, COLOR, NATIONAL ORIGIN AND ANCESTRY DISCRIMINATION IN VIOLATION OF CONN. GEN. STAT. § 46a-60(a)(1)**

5

34.     Paragraphs 1 through 29 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 29 of this Count Two as if fully set out herein.

35.     The Defendant discriminated against Plaintiff in the terms and conditions of his employment on account of his race, color, national origin and/or ancestry.

36.     The Defendant's proffered reason or reasons for Plaintiff's termination from the Defendant's employ on or about April 13, 2016, were a pretext for discrimination on account of Plaintiff's Hispanic and Dominican ancestry and national origin.

37.     The Defendant's decision to terminate Plaintiff was motivated, at least in part, by Plaintiff's Hispanic and Dominican ancestry and national origin.

38.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and employment benefits, has been deprived of gainful employment, has sustained significant emotional distress, and has incurred attorneys' fees and costs in order to secure the rights to which he is entitled.

39.     Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and received a release of jurisdiction letter therefrom on or about April 11, 2017, a copy of which is attached hereto as EXHIBIT A.  This complaint is brought within 90 days of receipt of said letter. As such, Plaintiff has exhausted his administrative remedies, and this action is timely.

**COUNT THREE:     SEXUAL HARASSMENT IN VIOLATION OF CONN. GEN. STAT. § 46a-60(a)(8)**

1.     Paragraphs 1 through 29 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 29 of this Count Three as if fully set out herein.

30.    The Defendant subjected Plaintiff to a continuing course of unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature, which had the purpose or effect of substantially interfering with Plaintiff's work performance and created an intimidating, hostile, and offensive workplace.

31.    As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and employment benefits, has been deprived of gainful employment, has sustained significant emotional distress, and has incurred attorneys' fees and costs in order to secure the rights to which he is entitled.

32.    Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and received a release of jurisdiction letter therefrom on or about April 11, 2017, a copy of which is attached hereto as EXHIBIT A.  This complaint is brought within 90 days of receipt of said letter. As such, Plaintiff has exhausted his administrative remedies, and this action is timely.

## COUNT FOUR:    INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2612 ET SEQ ("FMLA").

1.    Paragraphs 1 through 29 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 29 of this Count Four as if fully set out herein.

30.    The Plaintiff had a qualified medical condition or conditions, gave notice of the same to Defendant, and had FMLA leave available to him.

31.    The Plaintiff took leave for his qualified medical condition.

32.    The Defendant refused to apprise Plaintiff of his rights under the FMLA, and refused categorize Plaintiff's leave as protected leave under the FMLA, and terminated his employment, thereby interfering with Plaintiff's right to take a leave to

7

which he was entitled under the FMLA and his right to be restored to his position following a medical leave of absence under the FMLA.

33.    As a result of the Defendant's actions, the Plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

34.    Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**COUNT FIVE:    RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT 29 U.S.C. § 2612 ET SEQ.**

1.    Paragraphs 1 through 29 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 29 of this Count Five as if fully set out herein.

30.    The Plaintiff was retaliated against for exercising or attempting to exercise his rights under the FMLA in that his use of leave was a motivating factor in the Defendant's decision to terminate his employment.

31.    As a result of the Defendant's actions, the Plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

32.    Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money damages;
2. Front pay or reinstatement;
3. Liquidated damages pursuant to  29 U.S.C. § 2617(a)(1);
4. Reasonable attorney's fees and costs; and
5. All other awardable relief the Court deems just and proper.

PLAINTIFF,
RAFAEL MENDOZA

By:
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: mparadisi@cicchielloesq.com

9

| RETURN DATE: MAY 23, 2017 | : | SUPERIOR COURT |
| RAFAEL MENDONZA | : | J.D. OF STAMFORD |
| VS. | : | AT STAMFORD |
| SODEXO, INC. | : | APRIL 17, 2017 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, exclusive of interests and costs.

PLAINTIFF,
RAFAEL MENDOZA

By: _____

Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

10

# EXHIBIT A

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Rafael Mendoza
**COMPLAINANT**

CHRO No. 1720127

vs.

EEOC No. 16A-2017-00062

Sodexo Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** April 11, 2017

Tanya A. Hughes, Executive Director

Service:
Complainant's attorney:   manny@cicchielloesq.com
Respondent's attorney:   michael.andrews@sodexo.com

State Of Connecticut

    Town of: **Cheshire**　　　　　　　　　　　　　　　　**April 21, 2017**

County of: New Haven

    Then and there by virtue hereof and at the special direction of the Plaintiff's Attorney, I made due an legal service upon the within named Defendant: **Sodexo, Inc.** by leaving with and within the hands of **Debra L. Morelli, Administrative Manager** For **Corporate Creations Network, Inc., Agent For Service** at **615 West Johnson Avenue, #202, Cheshire, Connecticut,** a true and attested copy. of the within, Writ, Summons, Complaint, Statement Of Amount In Demand & Exhibit A, with my endorsement thereon.

    The within and forgoing is the Original of the within, Writ, Summons, Complaint, Statement Of Amount In Demand & Exhibit A, with my doings endorsed hereon.

| | | | |
|---|---|---|---|
| Services: | $ | 40.00 | |
| Copies: | | 14.00 | |
| Travel: | | 10.70 | |
| Endorsement: | | 1.20 | |
| Total: | $ | 65.90 | |

Attest:

Willie Davis
State Marshal

**APPEARANCE**
JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions** — *See Back/Page 2*

***Notice To Self-Represented Parties***
*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date |
|---|
| **May-23-2017** |
| Docket number |
| **FST-CV-17-6031914** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

**MENDOZA, RAFAEL  v. SODEXO, INC.**

| ☒ Judicial District | ☐ Housing Session | ☐ Small Claims | ☐ Geographic Area number | Address of Court *(Number, street, town and zip code)* |
|---|---|---|---|---|
| | | | | **123 HOYT STREET STAMFORD, CT 06905** |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

---

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
|---|---|
| **OGLETREE DEAKINS NASH SMOAK & STEWART P.** | **433628** |

| Mailing Address *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| **281 TRESSER BOULEVARD 6TH FLOOR** | | **203-969-3102** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| **STAMFORD** | **CT** | **06901** | **203-969-3150** | **john.stretton@ogletreedeakins.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person).*
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: _____
☒ The Defendant *(includes the person being sued or charged with a crime).*
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
☐ All Defendants.
☐ The following Defendant(s) only: _____
☐ Other *(Specify):* _____
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*
      ☐ matters in the Family Division of the Superior Court   ☐ Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):* _____
                                                                                                       *(Name and Juris Number)*
2. ☐ This appearance is in addition to an appearance already on file.

**I agree to accept papers (service) electronically in this case under Practice Book Section 10-13**   ☒ Yes   ☐ No

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ 416417 | **JOHN GERARD STRETTON** | **May 19 2017** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **May 19 2017**   to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

| Name and address of each party and attorney that copy was mailed or delivered to* | For Court Use Only |
|---|---|
| **CICCHIELLO & CICCHIELLO LLP - 364 FRANKLIN AVENUE/HARTFORD, CT 06114** | |

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
|---|---|---|---|
| ▶ 416417 | **JOHN GERARD STRETTON** | **May 19 2017** | **2039693102** |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.



## State of Connecticut Judicial Branch
## Civil and Family E-Services



**Attorney/Firm:** OGLETREE DEAKINS NASH SMOAK & STEWART P. (433628)   **E-Mail:** karen.chapman@odnss.com   Logout

*FST-CV17-6031914-S*   MENDOZA, RAFAEL v. SODEXO, INC.

**Prefix:** FS2   **Case Type:** M90   **File Date:** 04/26/2017   **Return Date:** 05/23/2017

**Hide Instructions**   **You have successfully e-filed!**

**Instructions:** Information about this filing is provided on this page. Please select the **Print** button to print a copy of this Confirmation. Then select the **Return to Civil/Family/Housing Menu** if you wish to do additional e-filing or **Logout** if you are finished filing.

Print

### Confirmation of E-filed Transaction (print this page for your records)

**Docket Number:** FST-CV-17-6031914-S
**Case Name:** MENDOZA, RAFAEL v. SODEXO, INC.
**Type of Transaction:** Appearance
**Date Filed:** May 19 2017
**Appearance by:** 433628 OGLETREE DEAKINS NASH SMOAK & STEWART P.
**Appearance for this Party(ies)**

| Party #<br>D-01 | Party Name<br>SODEXO, INC. |
| --- | --- |

**Document Filed:** JD-CL-12 Appearance
**Date and Time of Transaction:** May 19 2017 2:30:35 PM

Return to Civil / Family Menu

Copyright © 2017, State of Connecticut Judicial Branch